IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY CLAY, KAREN E. BONEY-CLAY, and CLAY BROTHERS, INC.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **OPTION ONE MORTGAGE CORP. and SAFEGUARD PROPERTIES, INC.** | : | **NO. 07-1327** |

<u>MEMORANDUM AND ORDER</u>

**NORMA L. SHAPIRO, S.J.**                                                       **SEPTEMBER 18**, 2007

      This is a trespass and personal injury action removed to federal court on the basis of diversity jurisdiction. Plaintiffs Anthony Clay, Karen E. Boney-Clay, and Clay Brothers, Inc., have filed a motion to remand the action to state court. Defendant Safeguard Properties, Inc. ("Safeguard") has filed a motion to dismiss plaintiffs' claims for unlawful entry, intentional infliction of emotional distress, and negligent infliction of emotional distress. For the following reasons, plaintiffs' motion to remand will be denied, and Safeguard's motion to dismiss plaintiffs' claims will be granted in part and denied in part.

**I.**     **FACTS AND PROCEDURAL HISTORY**

      For purposes of the motion to remand and motion to dismiss, the court will assume all facts alleged in plaintiffs' complaint are true. Plaintiffs' complaint avers that Anthony Clay and Karen Boney-Clay use the premises of Clay Brothers, Inc., 513 N. 37th Street, Philadelphia, for residential and business purposes. (Compl. ¶ 4.) Anthony Clay is the mortgagor of the premises pursuant to a mortgage dated November 7, 2003, and defendant Option One Mortgage Corp. ("Option One") is the mortgagee. (Compl. ¶ 5.) Safeguard was an agent of Option One. (Compl. ¶ 6.) On June 1, 2005, Option One filed a mortgage foreclosure action against the

Clays. (Compl. ¶ 7.) On September 26, 2006, Anthony Clay agreed to sell the premises; the closing date was October 16, 2006. (Compl. ¶ 9.) A final walkthrough two days prior to closing was permitted under the agreement of sale. (Compl. ¶ 10.) The Clays notified Option One of the impending sale and requested payoff information regarding release of the mortgage lien; Option One acknowledged the agreement of sale and agreed to cooperate in providing payoff information. (Compl. ¶ 11.)

In the weeks prior to closing, the Clays were on the premises producing a series of video tape productions that would have netted $50,000 per program. (Compl. ¶ 12.) On September 29, 2006, defendants entered and took possession of the premises, changed the locks, and took control of plaintiffs' personal property, including plaintiffs' video tape productions and other work product. (Compl. ¶ 14.) For the next 20 days, the Clays had no access to the property. The planned sale was aborted and the premises scheduled for a sheriff's sale advertising Karen Boney-Clay as mortgagor, even though she was not a party to the mortgage. (Compl. ¶ 15.) As a result, Boney-Clay suffered severe emotional distress, pain, anguish, humiliation and embarrassment, and various physical injuries including severe anxiety/stress disorder resulting in dyspeptic discomfort and an ulcer. (Compl. ¶ 32.)

Anthony Clay then entered an agreement to sell the premises to another buyer with closing on February 28, 2007. (Compl. ¶ 16.) Option One refused to provide a payoff figure to release its mortgage lien. (Compl. ¶ 17.)

Plaintiffs filed a complaint in the Court of Common Pleas of Philadelphia County. Count I of the complaint alleges unlawful entry resulting in the cancellation of the October 16, 2006, sale of the premises, the inaccurate listing of Karen Boney-Clay in a sheriff's sale as mortgagor

of the premises, and the loss of business sales.  Count II alleges intentional infliction of emotional distress on Karen Boney-Clay.  Count III alleges negligent infliction of emotional distress on Boney-Clay.  Count IV alleges Anthony Clay's loss of consortium.  Count V alleges damage to Boney-Clay's credit rating.

Safeguard removed the action to federal court.  Plaintiffs have filed a motion for remand.  Safeguard filed a motion to dismiss Counts I, II, and III of plaintiffs' complaint.  At a hearing on the motions, the parties agreed to have the action sent to arbitration if the court denied plaintiffs' motion to remand.

**II.    DISCUSSION**

    **a.    Motion to Remand**

Plaintiffs, arguing the value of each claim may not be aggregated to reach the jurisdictional amount, have filed a motion to remand and for $1,000 in costs and fees incurred in connection with removal.  Any civil action brought in state court may be removed to the federal district court where the action is pending, if the district court would have had original jurisdiction.  28 U.S.C. § 1441.  If the district court lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c).  The removing party bears the burden of showing the case is properly before the court at all stages of the litigation.  See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  The removal statutes must be strictly construed against removal and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools, 913 F.2d 108, 111 (3d Cir. 1990).

A district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds

$75,000.  28 U.S.C. § 1332(a).  A corporation is deemed the citizen the state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c).  Plaintiffs Anthony Clay and Karen Boney-Clay are citizens of New Jersey.  (Compl. ¶ 1-2.)  Plaintiff Clay Brothers, Inc., is a Pennsylvania corporation with a principal place of business in Philadelphia, Pennsylvania.  (Compl. ¶ 3.)  Defendant Safeguard is an Ohio corporation with a principal place of business in Ohio.  (Compl. ¶ 6.)  Defendant Option One is a California corporation with a principal place of business in California.  (Compl. ¶ 5.)  There is diversity of citizenship among the parties.

The parties dispute whether the amount in controversy exceeds $75,000.  The amount in controversy is generally decided from the face of the complaint itself.  Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993).  It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Id. at 146.  The damages alleged in Count I of plaintiffs' complaint alone exceed $75,000.  Plaintiffs claim that as a result of defendants' unlawful entry, they lost business sales from a series of video tape productions that would have netted $50,000 per program.  The complaint does not clearly state whether only one of the plaintiffs or all of them lost the expected business sales, but under Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 566 (2005), the court may exercise supplemental jurisdiction over plaintiffs who fail to satisfy the amount-in-controversy requirement as long as the other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the amount-in-controversy requirement.  The amount in controversy requirement is satisfied and removal was proper.

Plaintiffs' motion for remand will be denied.  Since removal was proper, plaintiffs' request for $1,000 in costs and fees will be denied.

### b. Motion to Dismiss

In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept all allegations in the complaint as true and construe all inferences in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Evancho v. Fisher, 423 F.3d 347, 350-51 (3d Cir. 2005). A court may dismiss a complaint only if it is clear no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon, 467 U.S. at 73. The court may review only the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977). However, a court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. Evancho, 423 F.3d at 351; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendants bear the burden of showing no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Safeguard argues plaintiffs' claim for unlawful entry should be dismissed because there is no cause of action in Pennsylvania for unlawful entry outside of a civil rights, criminal, or immigration context. Safeguard concedes "there may exist causes of action for trespass or private nuisance." (Def.'s Mem. in Support of Mot. to Dismiss 3.) Plaintiffs concede there may not be a discrete cause of action for unlawful entry, but argue defendants' trespass is clearly actionable. To survive a motion to dismiss, the plaintiff need not correctly categorize legal theories giving rise to the claims; the court examines the pleadings to determine if the allegations provide for relief under any theory. Johnson v. Resources for Human Development, Inc., 843

5

F.Supp. 974, 976 (E.D. Pa. 1994); Advanced Power Systems, Inc. v. High-Tech Systems, Inc., 801 F.Supp. 1450, 1460 (E.D. Pa. 1992).

To maintain a cause of action for trespass, the plaintiff must have actual possession or the right to immediate possession flowing from the right of property, and he must have been deprived of it by the tortious act of another. Florig v. Estate of O'Hara, 912 A.2d 318, 327 n.13 (Pa. Super. 2006); Roncace v. Welsh, 141 Pa. Super. 170, 14 A.2d 616, 617 (1940). "A mortgagor retains the right to possession of a mortgaged property . . ." DeMarco v. City of Philadelphia, 90 Pa. Cmwlth. 224, 494 A.2d 875, 876 (1985). The complaint alleges that Anthony Clay is the mortgagor of the premises of Clay Brothers, Inc., 513 N. 37th Street, Philadelphia, and that defendants entered and took possession of the premises, changed the locks, and took control of plaintiffs' personal property, including plaintiffs' video tape productions and other work product. Plaintiffs have asserted a cognizable cause of action for trespass.

Alternatively, Safeguard argues plaintiffs' factual allegations constitute breach of contract claims, and consequently, plaintiffs' tort causes of action are barred by the gist of the action and economic-loss doctrines. The gist of the action doctrine "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." eToll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 14 (Pa. Super. 2002). A claim should be limited to a contract claim when "the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts." Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 104 (3d Cir. 2001). The economic-loss doctrine prohibits plaintiffs from recovering in tort economic losses to which entitlement flows only from a contract. Id. A plaintiff should be limited to a contract claim "when loss of the benefit of a bargain is plaintiff's sole loss." Id.

6

It is not clear that either the gist of the action doctrine or the economic-loss doctrine applies to plaintiffs' claims. Plaintiffs' complaint does not allege a contract cause of action and does not state terms of any contract between the parties. Defendants have not shown that the complaint alleges their obligations not to enter plaintiffs' property were defined by contract terms, or that plaintiffs' entitlement to their property flows only from a contract. Safeguard's motion to dismiss Count I of the complaint will be denied.

Safeguard argues Counts II and III of the complaint, alleging intentional and negligent infliction of emotional distress on Karen Boney-Clay, should be dismissed because plaintiffs have not averred attendant physical injury, have not explained why the entry in foreclosure and pre-sheriff's sale is extreme and outrageous, and have not explained how defendants' conduct caused Boney-Clay's distress. Plaintiffs respond that the complaint clearly alleges Boney-Clay has sustained physical injuries, and that defendants' actions were outrageous because they were an inexcusable assault on Boney-Clay's rights.

The Pennsylvania Supreme Court has not expressly recognized a cause of action for intentional infliction of emotional distress, but it has cited the Restatement (Second) of Torts § 46 for the minimum elements necessary to sustain such a cause of action. Taylor v. Albert Einstein Medical Center, 562 Pa. 176, 754 A.2d 650, 652 (2000). Section 46 provides, "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and, if bodily harm to the other results from it, for such bodily harm." The commentary to section 46 states, "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community." Restatement (Second) of Torts § 46 comment *d*. (1965). Plaintiffs' claim for intentional infliction of emotional distress is based upon defendants' false listing of Karen Boney-Clay as mortgagor in an advertisement for a sheriff's sale. Such conduct does not "go beyond all possible bounds of decency" and is not "regarded as atrocious, and utterly intolerable in a civilized community." Count II of the complaint, alleging intentional infliction of emotional distress, will be dismissed.

Count III of the complaint alleges negligent infliction of emotional distress. To state a cause of action for negligent infliction of emotional distress, the plaintiff must show she is a foreseeable plaintiff who suffered a physical injury as a result of the defendant's negligence. Armstrong v. Pauli Memorial Hospital, 430 Pa. Super. 36, 633 A.2d 605, 609 (1993). Pennsylvania courts have recognized a cause of action for negligent infliction of emotional distress where: (1) plaintiff suffered physical injury and consequently experiences psychological and emotional pain and suffering; (2) plaintiff observed injury to a close family member and is as a consequence of the shock emotionally distressed; (3) plaintiff nearly experiences a physical impact in that he was in the zone of danger of defendants' tortious conduct; or (4) there is a pre-existing contractual or fiduciary duty. See id. at 609, 615; Brown v. Philadelphia College of Osteopathic Medicine, 449 Pa. Super. 667, 674 A.2d 1130, 1134-35 (1996). Plaintiffs have alleged none of these circumstances. Count III of the complaint will be dismissed. Count IV, being a derivative claim of Counts II and III, which have been dismissed, will be dismissed as well.

**III.   CONCLUSION**

Plaintiffs' motion to remand and request for $1,000 in costs will be denied. Safeguard's

motion to dismiss will be granted in part and denied in part. Counts II, III, and IV of the complaint will be dismissed. Plaintiffs will proceed on Counts I and V of the complaint. By consent of the parties, the action will be referred to arbitration.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY CLAY, KAREN E. BONEY-CLAY, and CLAY BROTHERS, INC.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **OPTION ONE MORTGAGE CORP. and SAFEGUARD PROPERTIES, INC.** | : | **NO. 07-1327** |

## ORDER

    **AND NOW**, this 18th day of September, 2007, upon consideration of plaintiffs' motion to remand and defendants' motion to dismiss, following a hearing on September 6, 2007, at which counsel for all parties were heard, it is **ORDERED** that:

    1.    Plaintiffs' motion to remand (paper no. 3) and request for costs is **DENIED**.

    2.    Defendants' motion to dismiss (paper no. 2) is **GRANTED in part** and **DENIED in part**.  Counts II, III, and IV of plaintiff's complaint are **DISMISSED**.

    3.    Defendant Safeguard Properties, Inc., shall file an answer to plaintiffs' complaint within 20 days of the date of this order.

    4.    A settlement conference with Magistrate Judge M. Faith Angell will be arranged. The parties will be contacted by the chambers of Judge Angell.

    5.    This action is **REFERRED TO ARBITRATION** for a hearing to be scheduled 120 days from the filing of defendant Option One's answer, in accordance with Local Rule of Civil Procedure 53.2.

    /s/ Norma L. Shapiro
    Norma L. Shapiro, S.J.